IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **STEPHEN WIEMANN, #N-21274,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 11-cv-095-JPG |
| ) | |
| **MICHAEL P. RANDLE, M. WAIT,** ) | |
| **MARY LOFTON, JULIUS FLAGG,  LT.** ) | |
| **JOHN DOE, and CHIEF** ) | |
| **ADMINISTRATOR JOHN DOE,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Stephen Wiemann, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an incident that occurred while Plaintiff was housed at Robinson Correctional Center.  Plaintiff is serving a five-year sentence for attempted burglary, and six years for residential burglary.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**<u>The Complaint</u>**

The following summary of facts is taken from Plaintiff's first amended complaint (Doc. 15), filed April 4, 2011. On June 4, 2009, while Plaintiff was playing softball, he heard and felt a loud snap in his right foot. He was taken to the medical department in excruciating pain, where Defendant M. Wait, a nurse, examined him. She concluded that nothing was wrong and sent Plaintiff back to his housing unit. She denied his request for a low bunk permit. When Plaintiff

climbed into his top bunk, he heard and felt another snap in the same foot.

      Plaintiff was seen the next day, June 5, 2009, by Defendant Mary Lofton, a doctor.  By that time his foot was swollen, and black and blue.  She told Plaintiff she did not believe anything was seriously wrong, but would know more after x-rays were taken (Doc. 15, p. 5).  She told Plaintiff that the x-ray machine was broken (Doc. 15-1, p. 3).  She authorized Plaintiff to have a bottom bunk, and gave him crutches and pain medication (Motrin) (Doc. 15-1, p. 3).  Four days later, on June 9, x-rays were taken, and Plaintiff was given more Motrin.  The results came back on June 12, and Plaintiff was called to see Defendant Lofton.  She informed Plaintiff that his ankle was broken, gave him a wheelchair, and told Plaintiff he should not put any weight on his foot.  She also ordered him an air cast (Doc. 15, p. 5; Doc. 15-1, p. 3).  Plaintiff complains that prior to this diagnosis, he had been forced for nine days to walk a quarter-mile three times each day for meals, as well as for commissary and other passes, while he was in severe pain.

      On June 17, 2009, Plaintiff was sent to an outside doctor for a consultation, where he was told he had two breaks, one on each side of his foot.  His leg was put in the air cast, and he was told to keep using the wheelchair until August 3, 2009, when he could go back to using crutches.  However, around July 27, 2009, Plaintiff was placed in segregation (he does not explain why).  He was not allowed to use the crutches while in segregation, and Defendant Lieutenant John Doe took them away.  Plaintiff had to walk to the shower without crutches or a cast.  The complaint implies he was also not able to use the wheelchair during this time, but does not state this explicitly.

      Plaintiff also notes that before his injury, he had been on two medications for several months for a condition he does not describe.  He claims that these medications, "pegasus and

ririverin," caused his bones to become brittle and elevated his risk of fracture, and the Defendants knew or should have known of this risk (Doc. 15, p. 6).

Plaintiff seeks to bring a state law claim for medical malpractice along with his claim for deliberate indifference to serious medical needs.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Deliberate Indifference**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit considers the following to be objective indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

As to the subjective component of deliberate indifference in the denial or delay of medical care, evidence is required of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. In other words, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer,* 511 U.S. at 837. However, a plaintiff need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (discussing *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)). The Seventh Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Plaintiff's condition following his injury arguably met each of the criteria in *Gutierrez* for an objectively serious medical need, and indeed his need for treatment was recognized by those who took him to the health care unit. The remaining question is whether Plaintiff has sufficiently alleged deliberate indifference on the part of the various Defendants.

**Defendant Wait**

Defendant Wait, the nurse, was the first medical provider to examine Plaintiff. She determined, wrongly as it turns out, that nothing seemed to be wrong with Plaintiff's foot. Based on this conclusion, she denied him a low bunk permit. However, she did schedule Plaintiff to see the doctor the following day. Defendant Wait's actions appear to be based on her misdiagnosis of the severity of Plaintiff's injury, which falls into the realm of error, negligence, or malpractice, not deliberate indifference. She did not know that Plaintiff's ankle was broken based on his objective condition, and her actions did not show reckless disregard for a substantial risk of harm.

The Seventh Circuit has frequently noted that "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez*, 111 F.3d at 1374. *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."); *Duckworth*, 532 F.3d at 681 (failure to rule out cancer immediately in light of persistent bloody urine may have been malpractice but was not deliberate indifference).

Plaintiff's complaint does not state a constitutional claim against Defendant Wait, therefore, this portion of his claim must be dismissed with prejudice.

**Defendant Lofton**

Defendant Dr. Lofton saw Plaintiff the day after his injury. She gave him pain medication, crutches, and a low bunk permit, all of which constituted treatment for his condition. She recognized the need for further testing (the x-ray) and this was done, albeit not immediately. After the x-ray showed a fracture, she gave Plaintiff additional treatment consisting of a

wheelchair, ordering a cast, and advising him not to put weight on the foot. She also took steps to ensure Plaintiff had an outside medical consultation, which ultimately showed a second fracture.

Plaintiff's claim against Defendant Lofton appears to be based on his dissatisfaction with the length of time he had to wait for her to conclude he indeed had a fracture, her failure to diagnose the fracture when he first saw her, and possibly her failure to discern that he had a second fracture. He also alleges that she "knew or should have known" that he was at a higher risk of suffering a fracture, due to side effects from his medication. Because Plaintiff did receive treatment from Defendant Lofton, his complaint boils down to a disagreement with the treatment she rendered.

As noted above, an incorrect diagnosis or improper treatment does not state a constitutional claim. *Gutierrez*, 111 F.3d at 1374. Furthermore, mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes*, 95 F.3d at 591. The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Based on these standards, Plaintiff received constitutionally adequate care from Defendant Lofton, and he has not stated a claim against her for deliberate indifference. Therefore, this portion of Plaintiff's claim must be dismissed with prejudice.

**Defendant Lieutenant John Doe**

Plaintiff alleges that Defendant Lieutenant John Doe, who took away Plaintiff's crutches when he was put into segregation, knew that Plaintiff had a serious medical need for the crutches. Deprived of the crutches, Plaintiff had to endure the pain of walking on his broken foot without any support, against the advice of his doctors.

Whether the legitimate security needs in the segregation unit justified the confiscation of Plaintiff's crutches and the resulting pain and risk of serious harm to him is not capable of being determined at this time. Therefore, this portion of Plaintiff's claim merits further consideration. However, because Plaintiff has not identified this John Doe Defendant by name to date, dismissal of the claim may be unavoidable.

A § 1983 complaint cannot be amended to identify an unnamed defendant correctional officer after the limitations period has run, unless "there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Fed. Corr. Officer,* 201 F.3d 910, 914 (7th Cir. 2000) (citations omitted); *Worthington v. Wilson,* 8 F.3d 1253, 1256 (7th Cir. 1993); FED. R. CIV. P. 15(c)(3). Section 1983 claims arising in Illinois are governed by a two-year statute of limitations. *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992). Federal law, however, governs the accrual of such claims. *Kelly*, 4 F.3d at 511. A § 1983 claim accrues when "a plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* However, Illinois state law provides that the statute of limitations is tolled while the prisoner exhausts his administrative remedies, because of the PLRA requirement of administrative exhaustion before a § 1983 action may be filed. *Johnson v. Rivera,* 272 F.3d 519,

521-22 (7th Cir. 2001).

      According to Plaintiff's complaint, the date when Defendant Lieutenant John Doe took away his crutches was July 27, 2009 (Doc. 15, p. 6).  Thus, the two-year statute of limitations period as to this claim began to run on that date.  Neither Plaintiff's complaint nor his exhibits indicate whether Plaintiff filed any grievance over the confiscation of his crutches, nor the date of any final ruling on such a grievance.  Without this information, it is impossible to determine whether there was any tolling of the statute of limitations, or when such tolling ceased.  If no grievance was filed, Plaintiff's time to amend his complaint to name this John Doe Defendant ran out on July 27, 2011, and dismissal of this Defendant would be required.

      In accordance with these constraints, Plaintiff shall be allowed 35 days from the date of this order to provide the Court with the date(s) on which he filed any grievance(s) over the July 27, 2009, confiscation of the crutches, and the date(s) when final action was taken to resolve such grievance(s), along with supporting documentation.  If Plaintiff fails to supply documentation establishing the tolling of his statute of limitations, or if the two-year period has already run despite any tolling, the claim against Defendant Lieutenant John Doe shall be dismissed with prejudice.

      **Defendants Randle, Flagg**, **and Chief Administrator John Doe**

      Although Plaintiff names as Defendants former Director of the Illinois Department of Corrections ("IDOC") Michael Randle, as well as Robinson Warden Julius Flagg, and the John Doe Chief Administrator of the Robinson Correctional Center, he fails to include any allegations against any of these Defendants in the body of his complaint.  Therefore, the Court is unable to ascertain what claims, if any, Plaintiff has against these Defendants.  Merely invoking the name

of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Furthermore, under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.

   Plaintiff may be under the mistaken impression that he may maintain an action against these Defendants merely because they are the supervisors of other Defendants who allegedly violated Plaintiff's constitutional rights.  However, "[t]he doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987);  *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).  Because of the absence of any allegations of personal involvement of Defendants Flagg and Chief Administrator John Doe  in the deprivation of Plaintiff's constitutional rights, these Defendants shall be dismissed from the action without prejudice.

   As to Defendant Randle, a suit against him based on his position as IDOC Director is

barred by the Eleventh Amendment.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).  Accordingly, Defendant Randle shall be dismissed from the action with prejudice.

**Count 2 - Medical Malpractice**

Plaintiff also brings claims of "medical malpractice," presumably against the medical provider Defendants Wait and Lofton, based on the same conduct detailed above.  Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims.  *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008).  "A loose factual connection is generally sufficient."  *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). While this Court has supplemental jurisdiction over the state-law malpractice claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

First, all but one of Plaintiff's federal claims will be dismissed, including the claims against Defendants Wait and Lofton.  The claim against Defendant Lieutenant John Doe is also subject to dismissal due to the statute of limitations problem outlined above, and if it is

ultimately dismissed, no federal claims would remain.  Under § 1367(c)(3), this Court may decline to exercise its supplemental jurisdiction over a state claim where all federal claims have been dismissed.  The usual practice in the Seventh Circuit when all federal claims have been dismissed before trial, is to dismiss without prejudice any remaining state claims.  *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *see also Harvey v. Town of Merrillville*, 649 F.3d 526, __ (7th Cir. 2011).  However, even if the district court ultimately determines that a plaintiff cannot maintain the § 1983 claim, supplemental jurisdiction may still be exercised over a state law claim arising from the same facts, so long as original jurisdiction over the federal claim was proper.  *See Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006) (even if the district court was correct that plaintiff could not maintain his excessive force claim under § 1983, he could still pursue it as a state law battery claim over which the district court would have supplemental jurisdiction pursuant to 28 U.S.C. § 1367).

Because a possibility remains that Plaintiff's sole remaining federal claim against Defendant Lieutenant John Doe may proceed, the Court shall defer a decision on whether to dismiss the state law malpractice claims.  Although it is now more than two years past the date when the malpractice claims accrued, if the claims are ultimately dismissed by this Court for lack of jurisdiction, under 735 ILL. COMP. STAT. 5/13-217, it appears that Plaintiff would have up to one year to re-file the claims in state court.[1]  In addition, there is one further step Plaintiff must

---

[1] According to section 13-217, if an action is dismissed by a United States District Court for lack of jurisdiction, "then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff . . . may commence a new action within one year or within the remaining period of limitation, whichever is greater, after . . . the action is dismissed by a United States District Court for lack of jurisdiction[.]"  735 ILL. COMP. STAT. 5/13-217 (West 1994); *see also Hudson v. City of Chicago*, 889 N.E.2d 210, 214 (Ill. 2008) (explaining that the quoted language of section 13-217, which was in effect prior to the amendments of Public Act 89-7 (effective March 9, 1995), is

take in order to pursue these claims, whether in this Court or in state court.

Plaintiff has failed to file the required medical professional affidavits in order to maintain a medical malpractice action against either Defendant.  Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records).  *See* 735 ILL. COMP. STAT. §5/2-622(a) (as amended by P.A. 90-579, effective May 1, 1998).[2]  A separate affidavit and report shall be filed as to each Defendant.  *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the required affidavit is grounds for dismissal of the claim.  *See* 735 ILL.

---

currently in effect, because Public Act 89-7 was found unconstitutional in *Best v. Taylor Machine Works*, 689 N.E.2d 1057 (1997)).  However, in the event of dismissal by this Court, the timeliness of any action Plaintiff may re-file in Illinois state court shall be up to the sound discretion of that tribunal.

[2] P.A. 94-677, effective August 25, 2005, which amended 735 ILL. COMP. STAT. §5/2-622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010).  As a result of *Lebron*, the previous version of the statute is now in effect.  *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).

COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

Because Plaintiff has failed to file the necessary affidavits, his malpractice claims against Defendants Wait and Lofton are subject to dismissal. However, in light of the determination above allowing Plaintiff to submit documentation of possible tolling of his statute of limitations as to the John Doe Defendant, Plaintiff shall be allowed 35 days to file the required affidavits. Should Plaintiff fail to timely file the required affidavits, the medical malpractice claims against Defendants Wait and Lofton shall be dismissed without prejudice. *See* FED. R. CIV. P. 41(b).

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff fails to state a deliberate indifference claim upon which relief may be granted against Defendants **WAIT, LOFTON, RANDLE, FLAGG,** and **CHIEF ADMINISTRATOR JOHN DOE** in **COUNT ONE.** Therefore, the claims in **COUNT ONE** against Defendants **WAIT** and **LOFTON** are **DISMISSED** with prejudice. Defendant **RANDLE** is **DISMISSED** from this action with prejudice. Defendants **FLAGG** and **CHIEF ADMINISTRATOR JOHN DOE** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that as to the deliberate indifference claim in **COUNT ONE** against Defendant **LIEUTENANT JOHN DOE**, Plaintiff shall file a statement and

supporting documentation showing the dates of any grievances filed over Defendant Lieutenant John Doe's confiscation of his crutches, and dates of final action on such grievances, within 35 days of the date of this order (on or before December 13, 2011). If Plaintiff fails to supply documentation establishing the tolling of his statute of limitations, or if the two-year period has already run despite any tolling, the claim against Defendant **LIEUTENANT JOHN DOE** shall be dismissed with prejudice.

    **IT IS FURTHER ORDERED** that as to the medical malpractice claims in **COUNT TWO** against Defendants **WAIT** and **LOFTON**, Plaintiff shall also file the required affidavits pursuant to 735 ILL. COMP. STAT. §5/2-622, within 35 days of the date of this order (see date certain above). Should Plaintiff fail to timely file the required affidavits, **COUNT TWO** shall be dismissed without prejudice.

    **IT IS SO ORDERED.**

    DATED: November 8, 2011

    *s/J. Phil Gilbert*
    **United States District Judge**