IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEPHEN WIEMANN, #N-21274,    )
                              )
        Plaintiff,             )
                              )
vs.                           )   CASE NO. 11-cv-095-JPG
                              )
M. WAIT, MARY LOFTON, and LT. )
JOHN DOE,                     )
                              )
        Defendants.            )
                              )
                              )

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

On November 8, 2011, this Court ordered Plaintiff to submit a statement and supporting documentation, no later than December 13, 2011, to show the dates of any grievances filed over Defendant Lieutenant John Doe's confiscation of Plaintiff's crutches as alleged in Count 1 (Doc. 23). The Court instructed Plaintiff to demonstrate, if he could, that the two-year statute of limitations had been tolled by the grievance process. As to the medical malpractice claims in Count 2, Plaintiff was ordered to file affidavits of medical professional(s) pursuant to 735 Illinois Compiled Statutes §5/2-622, by the same deadline.

On December 1, 2011, Plaintiff filed a response (Doc. 25), and a motion for appointment of counsel (Doc. 24). In Plaintiff's response, he states that he "did not file a grievance pertaining to the removal of [his] crutches" (Doc. 25, p. 2). Based on the failure to file a grievance over Defendant Lieutenant John Doe's alleged deliberate indifference to Plaintiff's medical needs, the time has run out for Plaintiff to amend his complaint to identify this Defendant by name (*See* Doc.

23, p. 8-9). Accordingly, Count 1 shall be dismissed. However, the dismissal of this count shall be without prejudice to the claim being re-filed against Defendant Lieutenant John Doe in the event Plaintiff can establish tolling of the statute of limitations.

As to Count 2, although Plaintiff submitted numerous pages of medical records, he did not file the affidavits from a medical professional as required to maintain his medical malpractice claims against Defendants Wait and Lofton. Because Count 1 shall be dismissed in its entirety, no federal constitutional claims will remain in this action. Therefore, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over the state malpractice claims in Count 2. The dismissal of Count 2 shall be without prejudice to Plaintiff re-filing his malpractice claims in state court (*See* Doc. 23, p. 12-14).

**IT IS HEREBY ORDERED** that **COUNT 1** against **DEFENDANT LT. JOHN DOE** is **DISMISSED** without prejudice, for failure to state a claim upon which relief may be granted. **COUNT 2** against **DEFENDANTS WAIT** and **LOFTON** is **DISMISSED** without prejudice for lack of jurisdiction.

Plaintiff's motion for appointment of counsel (Doc. 24) is **DENIED AS MOOT.**

The dismissal of this case shall **not** count as a "strike" under the provisions of 28 U.S.C. § 1915(g). *See Haury v. Lemmon*, 656 F.3d 521, 523 (7th Cir. 2011) (dismissal for lack of jurisdiction does not warrant a strike when the assertion of jurisdiction is not itself found to be frivolous); *Turley v. Gaetz*, 625 F.3d 1005, 1012-13 (7th Cir. 2010) (no strike should be given unless case is dismissed *in its entirety* based on the grounds in § 1915(g)).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the remaining portion of Plaintiff's filing fee of $350 remains due and payable. *See*

28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Because Plaintiff's claims against all other Defendants were previously dismissed, the Clerk is **DIRECTED** to **CLOSE THIS CASE.**

**IT IS SO ORDERED.**

DATED:   December 14, 2011

                                            *s/J. Phil Gilbert*
                                            **United States District Judge**